# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MARY ALICE HOLLAND,**

    Plaintiff,

v.                                               Case No: 5:15-cv-306-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## ORDER

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

**I.  BACKGROUND**

Plaintiff filed an application for DIB benefits, alleging disability beginning August 8, 2011. (Tr. 13, 164–65). The claim was denied initially, and upon reconsideration. (Tr. 104–08, 114–19). At Plaintiff's request, a hearing was held before Administrative Law Judge Douglas A. Walker (the "ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 10–35, 36–62).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 15). At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, peripheral neuropathy, hypertension, back disorder, obesity and depression. (Tr. 15).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15–16). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a):

> Specifically, the claimant can sit six hours in an eight-hour workday, stand and walk two hours in an eight-hour workday, and lift 10 pounds occasionally. The claimant needs to avoid frequent ascending and descending stairs. The claimant should avoid pushing and pulling motions with her lower extremities within the aforementioned weight restrictions. Due to mild to moderate pain and medication side effects, the claimant should avoid hazards in the work place such as unprotected areas of moving machinery, heights, ramps, ladders, scaffolding, and on the ground, unprotected areas of holes and pits. The claimant could occasionally perform postural limitations in balancing, stooping, crouching and crawling, but not climbing. The claimant uses a walker to ambulate. She should avoid overhead reaching with her upper extremities. The claimant has moderate non-exertional mental limitations which affects her ability to concentrate upon complex or detailed tasks, hut would remain capable of understanding, remembering and carrying out simple job instructions; making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting. The claimant would require work which is simple and unskilled, or low semi-skilled (svp #3) in nature.

(Tr. 16–27). At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. (Tr. 27).

At step five, however, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform—the sedentary occupations of order clerk, charge account clerk, and document preparer. (Tr. 28–29). Thus the ALJ found that Plaintiff was not disabled from August 8, 2011, through the date last insured. (Tr. 29).

Then, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner. (Tr. 5–8). With her administrative remedies exhausted, Plaintiff filed the instant appeal. (Doc. 1).

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.  *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates

against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III. DISCUSSION**

On appeal, Plaintiff raises three issues: (1) whether the ALJ properly evaluated the medical evidence, (2) whether the ALJ posed a proper hypothetical, and (3) whether the ALJ properly evaluated Plaintiff's credibility. For the reasons explained below, I find no error.

**A. The ALJ properly evaluated the medical evidence**

Plaintiff contests the ALJ's consideration of two medical opinions: the opinion of an unknown physician,[1] and the opinion Yili Zhou, M.D., Ph.D.

The ALJ must state with particularity the weight given to different medical opinions, including non-examining state agency physicians, and the reasons therefor. *Winschel v Comm'r of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F. 3d 1155, 1159 (11th Cir. 2004). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips* v. *Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must

---

[1] The document containing this opinion is signed by what appears to be a nurse practitioner and a physician, but it is impossible to determine the physician's name from the signature. (Tr. 458–60). Plaintiff appears to assume that the opinion came from her primary care physician, but Plaintiff provides no support for this assumption (nor does she state who the physician is). (Pl.'s Br. at 17). Defendant guesses that the document came from a physician at the Ocala Family Medical Center, but whether this guess is correct is unclear. (Def.'s Br. at 12 n.9). The ALJ assumed that this document was signed by a family practitioner, but the ALJ provides no support for this assumption. (Tr. 26). In any event, I assume that the document constitutes the opinion of a treating physician; also, I will refer to this physician as the unknown physician.

clearly articulate [the] reasons" for doing so. *Id*. at 1240–41. Here, the ALJ articulated good cause for not crediting the opinions at issue. (Tr. 26).

First, the unknown physician opined, in a *Medical Source Statement of Ability to do Work Related Activities (Physical)*, that Plaintiff was more limited than provided for in the RFC assessment: Plaintiff could only lift less than ten pounds; could only stand or walk less than two hours a day; could only sit less than six hours a day; could only push and pull with her extremities in a limited way; could never climb, balance, kneel, crouch, or crawl; and Plaintiff could only walk with a walker. (Tr. 458–60).

But the ALJ found that this opinion was inconsistent with the objective medical evidence. MRIs showed Plaintiff's cervical, thoracic, and lumbar spines were normal and Plaintiff had only mild degenerative changes. (Tr. 26, 312, 315, 410, 421). The ALJ also noted that neurosurgeon Barry Kaplan, M.D. recommended conservative treatment, but not spinal surgery, and that Dr. Kaplan could not provide an explanation for Plaintiff's alleged pain and numbness. (Tr. 26, 409–10, 421). An EMG exam showed only mild sensory loss; and though Plaintiff did suffer some motor weakness, an evaluation showed 5/5 motor strength. (Tr. 26, 312, 320). Also, despite the use of a walker, Plaintiff was able to walk unaided for ten feet. (Tr. 26, 407).

Second, Dr. Zhou treated Plaintiff and stated on multiple occasions that Plaintiff is unable to work. (Tr. 401, 402, 573). Yet the opinion that Plaintiff in unable to work is not due any deference: whether Plaintiff retained the ability to work is a matter reserved for the Commissioner. *See* 20 C.F.R §§ 404.1527(d)(1)–(3), 416.927(d)(1)–(3); *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975, 976 (11th Cir. 2014). Also, the ALJ properly noted that Dr. Zhou failed to explain what functional limitations prevented Plaintiff from working—i.e., this opinion is conclusory and lacks a supporting explanation. *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x

901, 903 (11th Cir. 2011) (reasoning that an ALJ may discredit conclusory assertions that lack any supporting explanations); *see Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (noting that good cause exists if the treating physician's opinion is conclusory). Thus the ALJ properly considered Dr. Zhou's opinion.

These reasons, as enumerated by the ALJ in his opinion, constitute sufficient "good cause" to discount these two opinions. *See Phillips*, 357 F.3d at 1240–41.[2]

**B. The ALJ posed a proper hypothetical**

Next, Plaintiff argues that by failing to assign a RFC that is supported by substantial evidence, the ALJ also failed to pose a proper hypothetical to the Vocational Expert (VE). (Doc. 20, p. 19–20). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Though the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Crawford*, 363 F.3d at 1161. And the ALJ's RFC assessment need not mirror the opinion of every doctor, nor is the ALJ required to adopt all of the limitations a doctor assessed. *See Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014).

---

[2] Plaintiff briefly notes that the ALJ failed to state what weight he accorded to the opinions of numerous other physicians. (Doc. 20, p. 17). However, Plaintiff does not point to a single medical opinion that shows she has disabling or additional limitations not accounted for in the RFC. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that [claimant] is disabled, and, consequently, [claimant] is responsible for producing evidence in support of his [or her] claim."). Plaintiff also fails to point to any medical opinion—other than Dr. Zhou's and the unknown physician's—that is inconsistent with the RFC findings. *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (finding harmless error where the ALJ did not state what weight he afforded to the opinions of several physicians where those opinions did not directly contradict the ALJ's findings). For instance, the state agency physicians found that Plaintiff's mental impairments were not severe and that Plaintiff could perform light work. (Tr. 96–101).

Here, the ALJ's hypothetical question to the VE included all of the restrictions accepted as credible by the ALJ and included in the RFC. (Tr. 16–17, 56–59). The ALJ was not required to include in the hypothetical any additional limitations because, as discussed above, the RFC is supported by substantial evidence. Accordingly, the VE's testimony provides substantial evidence to support that ALJ's conclusion that Plaintiff is not disabled.

### C. The ALJ properly considered Plaintiff's credibility

Lastly, Plaintiff argues that the ALJ failed to properly consider her credibility. (Doc. 20, pp. 20–22). The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the RFC assessment. (Tr. 25–26). I find no error.

In evaluating the extent to which a claimant's symptoms effect his or her capacity to perform basic work activities, an ALJ should properly consider all of the available evidence, including inconsistencies in the evidence, and the extent to which there are conflicts between claimant's statements and the rest of the evidence, including the history, signs and laboratory findings, and statements by treating and non-treating sources or other persons about how the symptoms affect the claimant. *See* 20 C.F.R. § 416.929(c)(4).

When, as here, an ALJ decides not to fully credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011). However, in reviewing the ALJ's decision, the "question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Id.* at 939. Indeed, a "reviewing court will not disturb a clearly

articulated credibility finding with substantial supporting evidence in the record." *See Carter v. Astrue*, No.3:11–cv–753–J–MCR, 2012 WL 2813965, at *6 (M.D. Fla. July 10, 2012).

Here, substantial evidence supports the ALJ's credibility finding. For example, the ALJ observed that Plaintiff purports to suffer from an inability to lift her arms, which prevents her from performing activities like brushing her teeth. (Tr. 25, 51–52). Yet Plaintiff was able to raise her arms high enough to wipe her eyes during the hearing. (Tr. 25). The ALJ also noted that Plaintiff's testimony during the hearing was vague, thus detracting from her credibility. (Tr. 25). Further, a neurologist stated that he could not determine what caused Plaintiff's purported pain— i.e., the objective evidence did not support the reported severity of Plaintiff's pain. (Tr. 26, 410).

Accordingly, I submit that the ALJ articulated legitimate reasons supported by substantial evidence for not fully crediting Plaintiff's complaints of disabling limitations.

## IV. CONCLUSION

For the reasons stated above, ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). The Clerk is **DIRECTED** to enter final judgment for the Commissioner and **CLOSE THE FILE**.

**DONE and ORDERED** in Ocala, Florida on August 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties